# In the United States Court of Federal Claims

No. 20-769
Filed: August 20, 2020

|  |  |
|---|---|
| GARY W. ALEXANDER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER DISMISSING CASE *SUA SPONTE***

On June 22, 2019, plaintiff, Gary W. Alexander, proceeding *pro se*, filed a complaint with this Court, alleging that the Internal Revenue Service ("IRS") improperly placed a Federal Tax Lien on his property for the 2015 tax year "without following Internal Revenue Procedures or required Due Process of Law," and without the IRS having the requisite jurisdiction "to take the action they took." General Allegations at 1–2 [hereinafter Compl.]. Specifically, plaintiff asserts that he was deprived of due process, as he "never received any Notice of Deficiency[] or Notice of Determination under [Internal Revenue Code ("I.R.C.")] section[s] 6320 or 6330, or any other notice of determination . . . for taxable years 2000 through 2017." *Id*. at 1. Additionally, plaintiff claims that the IRS "created a Substitute for Return (SFR) . . . to Levy [steal] $13,000.60 from [his] checking account." *Id*. at 5. Plaintiff seeks monetary compensation for the "illegal actions taken by the Commissioner of [the] [IRS]," which have "caused [him] great harm and loss of jobs and property." *See id.* at 6.

On January 4, 2017, Mr. Alexander claims to have filed a Form 12277 Application for Withdrawal of Notice of Tax Lien with the United States Tax Court ("Tax Court"). *Id*. at 2; *see also* Compl. Ex. B. On February 6, 2018, the Commissioner of Internal Revenue responded by filing a Motion to Dismiss, asserting that the Tax Court lacked jurisdiction over Mr. Alexander's petition. Compl. Ex. C. As Mr. Alexander failed to file a response to the Commissioner's Motion to Dismiss, despite the Tax Court's Order to do so, on March 23, 2018, Chief Judge Marvel granted that Motion and dismissed Mr. Alexander's petition for lack of jurisdiction. *Id.*

This Court has jurisdiction over claims for monetary damages—not sounding in tort—against the United States that are founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act is merely a jurisdictional statute, however, and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Accordingly, to fall within the scope of the

Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Additionally, "[j]urisdiction is a threshold matter that must be resolved before the Court can take action on the merits." *Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see also Pekrul v. United States*, 144 Fed. Cl. 556, 559 (2019) ("The court may raise the issue of subject matter jurisdiction at any time *sua sponte*.").

In determining whether subject-matter jurisdiction exists, the Court will treat uncontroverted factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Further, pleadings from *pro se* plaintiffs are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013) (quoting *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004)). Thus, *pro se* or not, a plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015) (citing *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010)); *see also Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

The I.R.C. permits a taxpayer to bring a civil action for damages arising out of the illegal collection of federal taxes when "any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated [thereunder]." 26 U.S.C. § 7433(a) (2018); *see also Pekrul*, 144 Fed. Cl. at 559. However, § 7433 states that such actions may only be brought in federal district courts. 26 U.S.C. § 7433(a). As the United States Court of Federal Claims is not a federal district court, *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002), plaintiff cannot maintain his illegal collection claim before this Court.

Additionally, plaintiff argues that the IRS violated his right to due process, as he never received a Notice of Deficiency, Notice of Determination, or "any other notice of determination" for tax years 2000 through 2017. Compl. at 1. The Federal Circuit has held that this Court does not possess jurisdiction to consider due process claims arising under the Fifth Amendment. *See Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987); *see also Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *In re United States*, 463 F.3d 1328, 1335 n.5 (Fed. Cir. 2006) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."). As such, the Court lacks subject-matter jurisdiction over the due process violation plaintiff alleges. Under, 26 U.S.C. § 6212, the IRS is required to issue a Notice of Deficiency in the event of a taxpayer's tax deficiency. 26 U.S.C. § 6212. Once the Notice of Deficiency is received, the taxpayer may then

petition the Tax Court for a redetermination of the deficiency.  26 U.S.C. § 6213.  Additionally, sections 6320 and 6330 provides that a taxpayer may seek a hearing before Internal Revenue Service Independent Office of Appeals by an impartial officer.  26 U.S.C. §§ 6320(b), 6330(b).  In such a hearing, the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy" and may challenge "the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  26 U.S.C. § 6330(c)(2).  Following the hearing, an appeals officer will issue a Notice of Determination to the taxpayer.  Treas. Reg. § 301.6330-1(b), Q&A B3 (2006).  The appeals officer will then make a determination based on that hearing.  Section 6330(d) provides that a petitioner "may, within 30 days of a determination order under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)."  26 U.S.C. § 6330(d); *see Anderson v. United States*, No. 19-168, 2019 WL 2552938, at *1 n.2 (Fed. Cl. June 3, 2019).  Plaintiff has not claimed that he sought such a hearing, and, therefore, a Notice of Determination would not have been issued.  Thus, the Tax Court's holding was that it lacked jurisdiction over plaintiff's claim alleging that he never received a Notice of Deficiency or Notice of Determination.  The Tax Court was not holding that the IRS's actions were improper or that it lacked the requisite jurisdiction.

For the reasons set forth above, plaintiff's Complaint is hereby **DISMISSED,** *sua sponte,* without prejudice, pursuant to RCFC 12(h)(3).  The Clerk is directed to enter judgment consistent with this Order.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith, Senior Judge